UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-61969-CIV-DIMITROULEAS

DESTANY ANDERSON,

　　　Plaintiff,

v.

RADIOLOGY CONSULTANTS OF
HOLLYWOOD, INC., a Florida corporation,
PINES RADIOLOGY CENTER, INC., a
Florida corporation, QUALCARE MEDICAL
GROUP, LLC, a Florida limited liability
company, and MARK GRNJA, an individual.

　　　Defendants.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

THIS MATTER is before the Court on the Motion to Dismiss Complaint [DE 11], filed herein on November 28, 2017. The Court has carefully considered the Motion [DE 11], the Response [DE 12], the Reply [DE 13], and is otherwise fully advised in the premises.

### I.　　Background

Plaintiff, Destany Anderson commenced this action on October 5, 2017, against Defendants. [DE 1].   Plaintiff asserts claims for unpaid minimum wage, unpaid overtime, liquidated damages, and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.*

Defendants move to dismiss the case in its entirety. Defendants argue that Plaintiff's allegations of interstate activity are unsupported assertions and thus fail to bring her claims within the ambit of the FLSA. The Court finds that Defendants' arguments concern factual disputes rather than issues of insufficient pleading or problems with the Court's jurisdiction to hear this case. Plaintiff's Complaint is adequately plead, and the Motion to Dismiss is denied.

## II.     Standard of Review

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley*, 355 U.S. at 41). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. *See Linder v. Portocarrero*, 963 F. 2d 332, 334-36 (11th Cir. 1992) (citing *Robertson v. Johnston*, 376 F. 2d 43 (5th Cir. 1967)).

However, the court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949. In sum, "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Twombly*, 550 U.S. at n. 8 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984)).

## III.     Discussion

Taking Plaintiff's well-plead allegations as true, the Court finds that the Complaint survives a Motion to Dismiss. Defendants arguments concern factual issues related to their business and the scope of Plaintiff's responsibilities rather than issues with the pleading itself. The Motion to Dismiss is denied without prejudice. Plaintiff may renew their arguments about whether

Plaintiff's work is covered by the FLSA at summary judgment or at trial.

**IV.    Conclusion**

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Motion to Dismiss Complaint [DE 11] is **DENIED without prejudice**. Defendants shall file their answer(s) on or before **February 1, 2018**.

**DONE** and **ORDERED** in Chambers at Ft. Lauderdale, Broward County, Florida, this 18th day of January, 2018.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record